UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TYRONE CAMPBELL, | Case No. CV 04-09565-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | |
| Defendant. | |

## I. Procedural History

This is an action for judicial review of the Defendant Commissioner's final decision denying Plaintiff's application for Supplemental Security Income benefits ("SSI") under Title XVI of the Social Security Act. 42 U.S.C. § 1381 *et seq*. For the reasons stated below, the matter is remanded to the Commissioner for further proceedings.

Plaintiff, Tyrone Campbell was born on January 2, 1947 and was 57 years old at the time of the administrative hearing. (Administrative Record ("AR") at 17, 116). He testified that he completed the 11th

grade, although other evidence in the record indicates that he has a 12th grade education.[1]  (AR at 17, 117).  He has no relevant work history. (AR at 17).

Plaintiff filed an application for SSI benefits on May 9, 2003. (AR at 45-49).  He alleges that he is disabled and unable to work due to osteoarthritis, lower back pain, and a hernia.  (AR at 54).  A hearing was held on March 11, 2004, before Administrative Law Judge ("ALJ") Sandra Rogers.  (AR at 114-26).  Plaintiff, represented by counsel, testified at this hearing.  Vocational expert ("VE") Lynne Tracy also testified.  Plaintiff testified that he had the ability to stand and walk for 10 to 15 minutes and that standing, walking, and sitting caused him pain.  (AR at 121).  The VE testified that there were a significant number of such jobs in the economy for a person of Plaintiff's age, education, and work experience who could perform a full range of work at the medium exertional level.  (AR at 122).

In a decision dated April 12, 2004, the ALJ determined that Plaintiff's impairments were not severe because they did not significantly limit his ability to perform basic work-related activities.  (AR at 20).  In doing so, she also found Plaintiff not credible.  (AR at 19). Based on these findings, the ALJ concluded that Plaintiff was not entitled to SSI benefits.  (AR at 20).

Plaintiff filed a Request for Review with the Appeals Council, which was denied on September 24, 2004.  Plaintiff then commenced this action for judicial review.  In accordance with the Court's Case Management Order, the parties have filed a joint stipulation of disputed

---

[1] Because this case is to be remanded, the ALJ should establish Plaintiff's educational level with a reasonable degree of certainty as that factor is essential to the disability determination.

issues. Plaintiff raises two claims of error. He contends that the ALJ erred, first, in determining that his impairment was not severe; and second, in finding his testimony not credible. (Joint Stipulation ("JS") at 2). This matter is ready for decision.

II. <u>**Standard of Review**</u>

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's final decision to deny benefits. The findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-21.

III. <u>**Discussion and Analysis**</u>

After reviewing the parties' respective contentions and the record as a whole, the Court finds that the ALJ's conclusion that Plaintiff's impairments are not non-severe is not supported by substantial evidence. The existence of a severe impairment is demonstrated when the evidence

establishes that the impairment has more than a minimal effect on an individual's ability to perform basic work activities. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. §§ 404.1521(a), 416.921(a). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs," which include physical functions such as walking, standing, sitting, pushing, carrying; capacities for seeing, hearing and speaking; understanding and remembering simple instructions; responding appropriately in a work setting; and dealing with changes in a work setting. 20 C.F.R. § 404.1521(b). The inquiry at this stage is "a de minimis screening device to dispose of groundless claims." *Smolen*, 80 F.3d at 1290 (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)). An impairment is not severe only if it is a slight abnormality with "no more than a minimal effect on an individual's ability to work." *See* SSR 85-28; *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988).

Here, during a consultative internal medicine examination, Dr. Joseph Sedgh, M.D., found that although straight leg testing was negative, Plaintiff has decreased range of motion of the back and a slightly antalgic gait. (AR at 76). A radiological consultation report shows degenerative change at L2 and mild atherosclerosis. (AR at 78). Based upon this objective medical evidence, Dr. Sedgh concluded that Plaintiff was "capable of carrying and lifting 50 pounds occasionally and 25 pounds frequently. The patient can stand, walk and sit for six hours in an eight-hour workday." (AR at 76). Thus, he found that Plaintiff was limited to work at the medium exertional level.

A state agency medical consultant examined the evidence and also concluded that Plaintiff's allegation of a back impairment was credible and was based on objective findings. He similarly limited Plaintiff to

work at the medium exertional level. (AR at 87).

Thus, based upon the objective medical evidence, both evaluating doctors found Plaintiff limited to work at a medium exertional level. In doing so, the doctors found that Plaintiff's osteoarthritis, lower back pain, and inguinal hernia could reasonably limit Plaintiff's ability to perform basic work activities. The determination that these impairments are not severe is thus not supported by substantial evidence.

Plaintiff's impairments and complaints of pain, while likely not preclusive of all exertional activity, are consistently and objectively documented in his medical records. Given the minimal threshold required to show that an impairment is severe, the ALJ's determination that Plaintiff's impairments were not severe was not supported by substantial evidence.

**V.  Conclusion**

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.

*Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)(remanding case for reconsideration of credibility determination).

The Court finds that the ALJ erroneously found Plaintiff's impairments to be non-severe and the case is remanded for further evaluation in accordance with the five-step sequential process.

**ORDER**

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence.

Accordingly, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this opinion.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

Dated: November 17, 2005            */S/ Marc L. Goldman*
                                    _____
                                    Marc L. Goldman
                                    United States Magistrate Judge